```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF INDIANA
```

CLINTON RILEY,                )
                              )
        Petitioner,   )
                              )
v.                            )    No. 1:12-cv-42-WTL-DML
                              )
SUPERINTENDENT ZENK,          )
                              )
        Respondent.   )


**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

Clinton Riley's motion for relief from judgment filed in 1:10-cv-600-JMS-MJD renewed his contention that he was unlawfully convicted in an Indiana state court and renewed his request for habeas corpus relief on the grounds he has specified. Because of this, and pursuant to *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the motion for relief from judgment was ordered to be processed as a new civil action, as shown above.

**I.**

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). The petition of Clinton Riley for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) fails this test and the action must therefore be dismissed.

Riley has filed a prior habeas action in this court, docketed as No. 1:10-cv-600-JMS-MJD, challenging his conviction for class rape, felony criminal deviate conduct, and battery. The prior habeas action was denied in an Order issued on December 30, 2010.

Riley has now filed another petition for a writ of habeas corpus in which he asserts claims which were or which could have been presented in the first habeas action. The disposition in No. 1:10-cv-600-JMS-MJD was based on the determination that the habeas petition in that action was filed outside the statute of limitations. That disposition was "on the merits" for the purpose of triggering the

requirements of 28 U.S.C. § 2244(b). *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005)("The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice, barring relitigation."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam) ("We hold today that a prior untimely [§ 2254] petition does count [as an adjudication on the merits] because a statute of limitations bar is not a curable technical or procedural deficiency. . . .").

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.*

With the prior habeas petition having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Riley has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 01/19/2012

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana